Complaint for Writ of Habeas Corpus was filed in this matter on March 25, 1999 asserting continued unlawful imprisonment by reason of the Ohio Adult Parole Board imposing an additional 90 days of "bad time" confinement for committing a rule infraction at the place of confinement. Petitioner argues multiple constitutional infringements by the Board's imposition of 90 additional days of incarceration under R.C. 2967.11.
On April 21, 1999 Respondent filed a motion to dismiss this complaint for lack of jurisdiction. Respondent avers that on April 17, 1999 Petitioner pled guilty to a charge of escape and was sentenced to a definite one year term of imprisonment by the Summit County Court of Common Pleas. (Jail credit time to be calculated). Subsequently, on December 18, 1998 Petitioner was found to have committed an assault on a corrections officer, a violation of R.C. 2903.13, and was given an additional 90 days of "bad time" pursuant to R.C. 2967.11.
Respondent argues that this court lacks jurisdiction for the reason that Larry E. McGowan, state prisoner number A365-956, at all times relevant to the filing of this complaint, has been housed at Trumbull Correctional Institution, Trumbull County, Ohio. Trumbull County is not located within the geographical jurisdiction of this court. Petitioner has not responded to the motion to dismiss or otherwise challenged Respondent's assertion that Petitioner is not housed within the geographical jurisdiction of this court.
Under R.C. 2725.03:
 "If a person restrained of his liberty is an inmate of a state benevolent or correctional institution, the location of which is fixed by statute and at the time is in custody of the officers of the institution, no court or judge other than the courts or judges of the county in which the institution is located has jurisdiction to issue or determine a writ of habeas corpus for his production or discharge. Any writ issued by a court or judge of another county to an officer or person in charge at the state institution to compel the production or discharge of an inmate thereof is void." See State ex rel. Vereen v. State(1989), 57 Ohio App.3d 54.
By law, this court has no habeas jurisdiction over an inmate incarcerated in Trumbull County, Ohio, which is a county within the jurisdictional province of the Eleventh District Court of Appeals.
In accordance with the procedure established inState ex rel.Vereen,supra, Respondent's motion to dismiss is treated as a motion for change of venue to the Court of Appeals for Trumbull County and is granted. The Clerk is instructed to deliver all original papers filed in this action in habeas corpus to the Clerk of the Court of Appeals for Trumbull County. Petitioner is to pay the costs of the proceedings before this court.
Final order. Clerk to serve notice as provided by the Civil Rules.
 ____________________________________ GENE DONOFRIO
 ____________________________________ JOSEPH J. VUKOVICH
 ____________________________________ CHERYL L. WAITE, JUDGES.